BRUNOT, J.
 

 This is a eoneursus proceeding. The plaintiff is the owner of certain lots in the town of South Highlands, Caddo parish, La., on which the defendant J. W. Waters entered into a contract with him to erect a residence and garage according to plans and specifications annexed to and made part of the contract, and to furnish all material, labor, etc., required for the completion of the work, for a total contract price, including extras, of $48,040.40. The Union Indemnity Company, of Louisiana, became the surety of said Waters, on a legal and properly executed bond, given to secure the faithful performance of the contract and to hold the owner harmless from any liens that might be recorded against his property by furnishers of material, laborers, or subcontractors.
 

 When the buildings were completed, the supervising architect and the plaintiff rejected the artificial stone porch at the front entrance to the residence, upon the alleged ground that the stone used in the construction of it was defective and of. such inferior quality, and the work of constructing it so badly executed, as to necessitate the demolishing and rebuilding of the entire porch, at a cost in excess of $4,000. Thereupon several liens were recorded against the property; one of the lienors being J. O. Shepherd & Co., the furnisher of the stone. Plaintiff then filed his petition herein, stating the facts alleged therein in detail, and praying that all the lienors be cited, that their liens against his property be canceled if they did not timely object to the sufficiency of the bond and the solvency of the surety thereon, and for judgment, in soli-do, against J. W. Waters, the contractor, and the Union Indemnity Company, his surety, for $4,000, less the sum of $710.89, with legal interest thereon from judicial demand and for costs.
 

 The answer of defendant J. W. Waters admits páragraph 8 of the plaintiff’s petition, which is as follows:
 

 “The said J. W. Waters has repeatedly admitted to your petitioner that the construction of the aforesaid portico was unsatisfactory and the materials used therein inferior and not of the kind called for by the contract and that in order to complete the performance of his contract the said J. W. Waters must tear down the aforesaid portico and rebuild same, which he has failed and neglected to do.”
 

 The answer of J. C. Shepherd, doing business under the name of J. C. Shepherd & Co., admits the contract and bond as alleged, admits that plaintiff filed notice of default upon the contractor, but denies that the contractor defaulted on the contract, and, assuming the position of plaintiff in eoneursus, he alleges that, as subcontractor, he furnished' and installed the stone for J. W. Waters at the total price therefor of $2,284, and that he waterproofed the basement of the building for an agreed price of $50, for which sums he recorded a lien against the plaintiff’s property and had a copy thereof served upon the plaintiff, and, pleading in the alternative, he alleges that, if the stone furnished is not in accordance with the plans and specifications, its use has inured to the benefit of the plaintiff, and he is entitled to recover the reasonable value thereof.
 

 None of the lienors questioned the sufficiency of the bond or the solvency of the surety.
 

 
 *1009
 
 The ease was heard, and the judge found that the porch was so unsightly as to require that it be demolished and rebuilt. He found that the cost of this work would exceed $4,000, that the defects were attributable alike to imperfect stone and workmanship, and he levied the costs of repairing the defect equally between J. W. Waters, the contractor, and J. C. Shepherd & Co., the furnish-er of the stone, and rendered judgment in favor of the plaintiff and against J. W. Waters and the Union Indemnity Company, in solido, for $3,280.11, with legal interest thereon from the date of the judgment and for costs of the suit, judgment in favor, of the Union Indemnity Company and against J. W. Waters for $3,289.11, with legal interest thereon from the date of the judgment, a further judgment in favor of the Union Indemnity Company and against J. W. Waters for $284, with legal interest from the date of the judgment, and a. judgment in favor of J. C. Shepherd' & Co. and against J. W. Waters and the Union Indemnity Company, in solido, for $284, with legal Interest thereon from the date of the judgment.
 

 J. C. Shepherd & Co. and the Continental Bank & Trust Company, the assignee of the claim of J. C. Shepherd & Co., are the only appellants. Therefore the right of recovery upon this claim is the only issue presented by the appeal.
 

 The testimony as to the extent of the irregular sizes and defects found in the stone furnished by J. C. Shepherd & Co. is somewhat conflicting. It is indisputably shown that some of the stone was not of uniform size, and that some of it had broken corners. The testimony as to the inferior quality of the stone is likewise conflicting, but it is shown that the stone was not of the quality called for by the specifications. The testimony as to imperfect workmanship is also somewhat conflicting, but the evidence as a whole convinces us, as it appears to have convinced the trial judge, that perfect workmanship would have minimized, to a considerable extent, the damage caused the plaintiff. The testimony as to the unsightly appearance of the porch and the necessity for its demolition and reconstruction is very conclusive. In fact, J. W. Waters, the contractor, admits that the porch is unsightly, and that it must be demolished and rebuilt. The testimony as to the cost of this work is also conclusively shown. Without reviewing the testimony in detail, we will say that our reading of it convinces us that, in those instances where there is a conflict, the preponderance of the evidence supports the allegations of the plain-, tiff’s petition, except that, while the stone was not of the quality called for by the specifications, it was the average lay of cast stone used by contractors Peter Garson and Tom Greene.
 

 It is shown that J. O. Shepherd & Co. furnished the stone under a subcontract calling for stone according to specifications attached to and made part of the original building contract. Therefore J. O. Shepherd & Co. cannot escape responsibility for a failure to comply strictly with their contract by now showing that they furnished stone of the average lay of cast stone used by two contractors.
 

 The alternative contention of J. C. Shepherd & Co. that the use of the stone has inured to the benefit of the plaintiff, and therefore it should recover the reasonable value of the stone is not tenable, for the reason that the porch must be demolished and rebuilt and the plaintiff has suffered actual loss to the extent of the cost of that work. Under the circumstances, it cannot be successfully contended that a temporary enforced use of the stone, to the great annoyance of the plain
 
 *1011
 
 tiff, renders him liable for the reasonable value of the stone, or for any sum whatever. The rights of J. O. Shepherd & Co., if any, must be asserted against the contractor and his surety.
 

 We see no error in the judgment appealed from, and it is therefore affirmed, at appellants’ cost.