Plaintiff seeks to recover $1,296 from the defendant for the use of plaintiff's tractor and pump for 54 days of 24 hours each at $25 per day (the total amount on this basis should be $1,350 instead of $1,296). It is alleged that the tractor and pump were used by the defendant on his farm to pump *Page 216 
water into a ditch for use in watering his rice field. The petition alleges that there was no contract between the plaintiff and defendant for the use of said tractor and pump, but said tractor and pump were used by the defendant for his advantage for said number of days and plaintiff is entitled to be paid therefor on a quantum meruit basis a fair and reasonable sum, and it is then alleged that the amount prayed for is a reasonable and customary charge.
The defendant admits that he used plaintiff's tractor and pump for the number of days claimed but denies that he was to pay anything therefor. He alleges that, because of various favors he had shown the plaintiff who was a tenant on one of his farms, the latter agreed, as an accommodation, to let him use the tractor and pump without charge, with the understanding that he would pay for the gas and oil, furnish the labor and keep the machinery in repair.
The trial judge rendered judgment in favor of plaintiff for $540, based on an allowance of $10 per day for the use of the tractor and pump. Defendant has appealed and the plaintiff has answered the appeal and asks that the judgment be amended by increasing the amount of the award.
On plaintiff's offering evidence to prove his claim for compensation for the use of the tractor and pump on a quantum meruit basis, a general objection was made to this proof on the ground, as urged on appeal, that there can be no recovery on a quantum meruit where there is no allegation of a contract; that no promise to pay is implied from the mere use of personal property. The evidence was admitted subject to the objection.
It is true that there can be no recovery on a quantum meruit unless there was a contract either express or implied between the parties, or unless the services rendered by the plaintiff or the use of his property inured to the benefit of the defendant under such circumstances as to imply an obligation to pay for it. Duncan v. Blackman, 3 La.App. 421. But certain obligations are contracted without any agreement, either on the part of the person bound, or of him in whose favor the obligation takes place. C.C. art. 2292. Among this kind of obligation is that arising from a quasi contract.
Quasi contracts are the lawful and purely voluntary acts of a man from which there results an obligation to a third person and sometimes a reciprocal obligation between the parties themselves. Any act from which there results an obligation without any agreement forms a quasi contract. C.C. arts. 2293 and 2294.
We think it is obvious from plaintiff's petition that he means to allege that there was no agreement between himself and the defendant for the payment by the latter of any specific sum for the use of the tractor and pump, but that the act on the part of the defendant in using them to his advantage and benefit under the circumstances set out had the effect of a quasi contract giving rise to an obligation on the part of the defendant to pay a reasonable and customary price for their use. We therefore conclude that evidence was properly admitted to show the circumstances under which the defendant used the machinery and the customary price paid for the use of similar machinery.
Plaintiff testified that defendant was to pay for the use of the tractor and pump whatever they were worth, while the defendant testified that he was to pay nothing for the use of this machinery; only that he would furnish fuel, labor and keep the tractor and pump in repair. With this conflict in the testimony of both parties to the litigation, the trial judge found corroboration in plaintiff's testimony in the fact that defendant used another tractor on the other end of the canal from that on which plaintiff's tractor and pump were used and he paid the owner of the other tractor $6 per day for his tractor and his labor. The other tractor was owned by a Mr. Louviere who was also a tenant on one of defendant's farms as was the plaintiff.
We think there is further corroboration in plaintiff's testimony in the fact that in practically all cases where one farmer in that community would use the tractor of a neighbor it was customary to pay for the use of the tractor. If there had been a custom in that community for one farmer to use another's tractor without paying for it, there would be some corroboration to the position taken by the defendant. His position is that the tractor and pump were loaned to him for use and that such a loan is gratuitous. C.C. art. 2893 and art. 2894. But the circumstances under which this machinery was used by the defendant gave rise to an implication that he would pay a reasonable price for its use. *Page 217 
Several witnesses testified as to the customary charge for the use of a tractor. These prices range all the way from $5 per day to as high as $24 per day. Some fix the charge at one dollar per hour. Plaintiff's tractor and pump together cost less than seventeen hundred dollars, and it can be readily seen if he got as much as $20 per day for their use with no expense to him, the machinery would pay for itself in a little over eighty days. As already stated, Louviere received six dollars per day for his tractor and his own labor while his tractor was doing about the same work as was that of plaintiff. It seems to us that a fair and reasonable allowance to plaintiff for the use of his tractor and his pump would be about the same amount as was paid to Louviere for the use of his tractor and his labor, his labor being at least equal to the use of plaintiff's pump. While much more than this has been paid for the use of a tractor, yet in those cases the use was for only a few days and not over a period of three or four months, and it must also be remembered that the defendant furnished all fuel and labor for the tractor and pump and kept them in repair, all of which amounted to a considerable sum.
For these reasons, it is ordered that the judgment appealed from be and the same is hereby amended so as to reduce the amount of the judgment from $540 to the sum of $324, and as thus amended, the judgment is affirmed; plaintiff and appellee to pay the cost of the appeal, and defendant and appellant to pay all other costs.