Harold A. Levey is a consulting chemist in New Orleans. Norman Levenson, defendant, is a manufacturer of various products such as disinfectants, cleaning fluids, etc.
This is a suit by Levey against Levenson for a balance of $117 alleged to be due for preparing certain formulas for materials which Levenson desired to manufacture and sell to the public and for certain visits which Levey alleges that he made to Levenson's plant to ascertain what could be done in the plant to successfully manufacture the products for which he submitted the formulas.
Levenson admits that he is indebted to Levey for a balance of $22 but denies any further indebtedness, and avers that Levey refused to accept the $22 as payment in full for the balance due.
There was judgment in the First City Court for the City of New Orleans for $22 in favor of Levey and he has appealed. In that judgment Levenson was required to pay the costs. Levenson has not answered the appeal.
In August, 1944, Levenson consulted Levey for the purpose of having Levey develop a formula for a product to be used as a substitute for a soluble pine oil disinfectant. *Page 159 
Levey agreed to undertake to do this, stating, in writing, that he would undertake "this development work with the objective in view of preparing such a product for you, utilizing such materials as are available at prices which will enable you to produce this material on a competitive basis." He also stated, in writing, that his services would include "the preparation of from six to eight trial samples for your examination and testing as to their utility for this purpose."
It was agreed that the total payment for this service would be $40. Twenty dollars was paid as an initial "retainer". The balance was to be paid not later than thirty days after submission of the samples referred to in the contract. Levey produced eight samples and was paid $40 and he did certain other work, payment for which is not in dispute.
He then prepared sixteen additional samples for which he has made a charge of $5 each, and he paid three visits to the plant of Levenson and has made a charge of $5 for each of these visits. It is these charges of $80 for the sixteen samples and $15 for the three visits which give rise to this suit.
Levey maintains that after he had completed the work called for by the original contract and had delivered the eight samples to Levenson, Levenson continued to consult him concerning other samples, and that it was because of this that he did the additional work of preparing these sixteen additional samples. He says, too, that at the request of Levenson, he made the three visits to Levenson's plant in an effort to discover what was wrong there since at the plant either the formula provided was not being properly prepared or could not be prepared on a competitive basis.
Levenson says, on the contrary, that he did not request the additional samples and that he did not ask Levey to visit his plant, but that the first eight samples, which were prepared under the written contract, were complete failures and that Levey, on his own responsibility and initiative, continued to make further experiments in the hope of arriving at a satisfactory formula.
[1, 2] The only evidence in the record is the testimony of Levey on the one hand and that of Levenson on the other. We believe that this evidence shows that the experiments were unsuccessful; that Levy did not produce a formula which was satisfactory for the purpose intended. We are also convinced that Levenson did not employ Levey to make the additional experiments and that Levey, on his own initiative, continued to attempt to find a formula which would be satisfactory for the purpose intended. We are convinced that none of these formulas could be satisfactorily used to produce the product desired on a competitive basis and that all of the work that Levey did beyond that required under the original contract was done by him in the hope that he could find something satisfactory for Levenson's purposes. Under the circumstances, we do not think that he is entitled to the payment demanded.
Counsel for Levey calls attention to the case of Granger v. Fontenot, La. App., 3 So.2d 215, and he argues that even if there was no agreement for the additional experiments, nevertheless defendant should be required to pay for them because of the legal obligation resulting from a quasi contract. He cites Civil Code Articles 2293 and 2294. These articles read as follows:
"2293. Definition. — Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties.
"2294. Acts giving rise to quasi contracts. — All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. But there are two principal kinds which give rise to them, to-wit: The transaction of another's business, and the payment of a thing not due."
In the cited case the Court said that although plaintiff's petition did not allege that there was any contract it was obvious that the plaintiff meant to allege that the defendant in using the tractor and pump belonging to the plaintiff had benefited thereby and that a quasi contract had resulted "giving rise to an obligation on the part of the defendant to pay a reasonable and customary price for their use."
The court held that the allegations were therefore sufficient to admit proof showing *Page 160 
the circumstances under which the defendant had used the machinery and showing the customary price for the use of such machinery. In other words, the Court held that a quasi contract would have resulted if the defendant had used the machinery of plaintiff for his own benefit. But the Court also said that there could be no recovery in such circumstances "unless the services rendered by the plaintiff or the use of his property inured to the benefit of the defendant under such circumstances as to imply an obligation to pay for it."
As we have already said, the record convinces us that the additional services of the plaintiff did not inure to the benefit of the defendant but were rendered solely on the initiative of plaintiff, himself. Under the circumstances, we do not think that there is any obligation in defendant to pay for those additional services.
The judgment appealed from is affirmed, plaintiff-appellant to pay costs of appeal.
Affirmed.