REGAN, Judge.
Plaintiff, Mrs. Alma B. Rawlinson, brought this suit on a quantum meruit against the defendant, Mrs. Marian Oden-heimer Moor, endeavoring to recover the sum of $800 alleged to be due her for services rendered as an interior decorator.
Defendant answered and denied that she is indebted unto plaintiff in any sum whatsoever and then reconvened for the sum of $272.94, as damages which she incurred in consequence of a. separate and distinct *272 agreement with plaintiff involving the installation of a firebox in the chimney of her home which, subsequently, she was compelled to remove and return to plaintiff.
There was judgment in favor of defendant dismissing plaintiff’s suit. The trial court failed to consider the suit in recon-vention and from this judgment both litigants have appealed.
The record reveals that defendant entered into a building contract with the A & O Builders on or about October 4, 1950 and during the first week of October, defendant contacted the plaintiff relative to securing her services for the interior decoration of her home.
Plaintiff is an interior decorator holding the requisite State license to practice as such, and she endeavored to prove, by virtue of her uncorroborated testimony, that, upon the request and with the full acquiescence of defendant, she rendered the hereinafter enumerated services in the defendant’s home located in 15 Nassau Drive; redesigning the roof lines, doors in the living room and entrance hall, living room picture windows, selecting and redesigning the mantel, posts on porch, - panel-ling in den, wall between entrance hall and dining room, flower boxes to living room; that she suggested colors for the kitchen, finishing for the lighting fixtures, changing lights on front doors behind the shutters, color scheme for rugs, draperies and wall paper for entire house; and finally that the foregoing services performed by plaintiff are those services which are typically rendered by an interior decorator and she, therefore, requests that she be permitted to recover the sum of $800 on a basis of quantum meruit.
On the other hand, defendant resists plaintiff’s effort to recover the sum of $800 by testifying that she offered to plaintiff the opportunity of submitting to her samples and prices of wall paper, floor covering and fabrics, but that plaintiff, though, often requested, failed to submit any bids or prices whatsoever for any of the interior decorating or furnishing of defendant’s home with the exception of one rug sample and the price therefor per square yard, which was not acceptable to or used by defendant because the cost thereof was approximately 100% more than the price for the same rug then obtainable at a local department store. Defendant concedes that plaintiff sent her several swatches of material but neglected to quote any price therefor. Defendant related that when she initially offered to 'plaintiff the opportunity to bid on the foregoing decorative work in her home, plaintiff endeavored to induce her to employ her in the capacity of decorator and architect) informing defendant that she would assume the supervision of the construction of defendant’s home for a fee of fifteen percent of the total cost thereof, however, defendant rejected this offer and advised plaintiff that she had plans prepared by a competent engineer and additionally possessed the services of the A & O Builders and an architect, namely, Jack Kessels; in the final analysis, defendant maintains that all she desired to secure from plaintiff from the very inception of their contact with each other was the submission of a specific price encompassing the interior decoration of her home in order that she would then be sufficiently informed as to the cost thereof, so-as to intelligently decide whether to accept or reject the services of the plaintiff.
While the record reveals an , embellishment of innumerable confusing and irrelevant facts it, at least, clarifies the dispute sufficiently to make several essential elements of the case quite clear. From the initial meeting of the parties with each other, which occurred in the early part of October, 1950, the record reflects that defendant wanted to know the cost of decorating the interior of her home and, therefore, insisted that plaintiff prepare a contract in conformity with their discussion of the matter. Obviously this fact was clearly understood by plaintiff, because she then proceeded to make a comprehensive analysis of the problems which she would encounter or could anticipate in connection therewith and accordingly desired to see the actual plan of the house. During the course of her analysis, plaintiff raised innumerable questions involving the architectural features of the house which were *273 in the nature of unsolicited advice, especially in view of the fact that the defendant had already contracted for this service and was simply interested in securing plaintiff’s help in decorating the interior thereof. In any event, the negotiations failed to crystallize and they reached a stalemate in the early part of February, 1951, when defendant finally informed plaintiff that she was-merely procrastinating and that defendant expected to have possession of her completed home sometime in the latter part of March, 1951, therefore, it was urgent that she now have a specific contractual commitment from the plaintiff as to the ultimate cost of the decoration thereof. Defendant points out that plaintiff had, throughout the course of their discussions, promised her a written contract which is not denied by the plaintiff. In corroboration of this fact defendant’s husband testified:
“She promised a written contract; she said she had it ready. So, the night of February 2nd I went down with my wife to get the written contract and she and her father were home and there was no contract there. So then, we couldn’t get a written contract, so we left, and told her that we were through; since we couldn’t get a contract, we weren’t going to wait any longer. Now, that was four months after we started, and we still couldn’t get her to give us a price.”
Defendant also testified without, contradiction, that plaintiff promised a written estimate covering the cost of the interior decoration. She said:
“Q. Did she ever promise you a written estimate? A. Oh, yes. She told me that she had a written estimate, and that she would put it in the mail. I said ‘We will come over and get it’. Dr. Moor and I went over there the night of February 2nd; I remember very well.”
Plaintiff, on cross-examination, affirmed the foregoing testimony by virtue of her response to the following question:
“Q. Isn’t it a fact that you were told that your connection with Mrs. Moor was at an end because you did not produce bids and samples? A. She said she was waiting for estimates. * . * * ”
The factual picture of the case created by the testimony reproduced in the record convinces us that the alleged services upon which plaintiff bases her suit in quantum meruit shows that no interior decorating services were rendered by plaintiff and that none of her unsolicited advice with respect to the redesigning of the architectural characteristics of the house were followed nor were the colors suggested in the litigants’ preliminary discussions used in the decoration thereof.
Obviously the parties contemplated that, a written contract would be entered into and none was ever consummated,' therefore, the preliminary negotiations and discussions which did not materialize into a contract were not binding upon either party. The record revealed that plaintiff, though often requested to furnish a concrete estimate of the cost involved in the decoration of defendant’s home, never complied, therefore, the- defendant cannot now be held liable to reimburse plaintiff for time consumed in making a comprehensive analysis of defendant’s home in order that she could finally submit a contract for the cost of the work. Levey v. Levenson, La. App.1947, 30 So.2d 158.
It is our opinion that the trial judge properly dismissed the plaintiff’s suit.
Defendant has requested this court to consider her reconventional demand especially in view of the fact that the trial judge failed to render judgment thereon, as he was of the opinion that the re-conventional demand was immaterial. We entertain no doubt as to our judicial right to consider this suit in reconvention, however, we find no merit in connection therewith for the following reason. Plaintiff agreed to sell defendant a firebox and grate to be installed by the contractor in her *274 fireplace. In due course the firebox was installed by the contractor and thereafter defendant was unable to procure the grate therefor from the plaintiff due to plaintiff’s simple procrastination. Defendant testified that after searching the yards of innumerable demolishing companies for a similar grate and being unable to locate one that would fit, she was finally relegated, as a last resort, to Hinderer’s Iron Works, where she was informed by Mr. Alcus, the President thereof, that he could make one to fit but that “it will cost you a lot of money.” There is not a scintilla of evidence in the record as to the price that Hinderer’s Iron Works would have charged defendant to manufacture this grate, but certainly it would not have cost the sum of $272.94, the amount which the contractor charged to remove the firebox and install new fire bricks in place thereof. Therefore, we are of the opinion that under these circumstances defendant was obligated to have Hinderer’s Iron Works manufacture this fire grate and thus minimize her damages. Having failed to do this we are unable to permit defendant to recover the alleged damages which she suffered. The record creates an enigma as to whether the firebox and grate were given or sold to Mrs. Moor, but in view of the whole context of the record on this point, we assume that a sale existed, however, even should we conclude that the firebox and grate were given to Mrs. Moor, her position with respect to this reconventional demand would not thereby be improved. Damages for the breach of a contract cannot be recovered where the plaintiff in reconvention has failed to minimize her damages, especially where the opportunity to do so was easily afforded her.
For the reasons assigned the judgment appealed from is amended so as to dismiss the reconventional demand of Mrs. Marian Odenheimer Moor and as thus amended it is affirmed.
Amended and affirmed.