GLADNEY, Judge.
Mid-State Tile Company, an ordinary partnership composed of John C. Burden, Jr. and J. R. Bell, sued Cecil Chaudoir for $1,700 representing the value of services and materials allegedly due the firm under a verbal contract. An alternative demand for the same amount is set up for recovery on the theory of quantum meruit. After a lengthy trial in which much testimony and evidence was excluded, judgment was rendered rejecting the demands of plaintiff, hence this appeal.
*553 Appellant alleges that for some time prior to February, 1951, Cecil Chaudoir, the defendant herein, was engaged as a general contractor completing a school job in the Town of Fenton, Louisiana, and that Victor E. Smith, who engaged in business under the trade name of Twin City Tile Company, was endeavoring to finish a sub-contract with Chaudoir to install the tile and marble work on said job according to certain plans and specifications. The petition sets forth that on February 3, 1951, Smith advised John C. Burden, Jr., an attorney, that because of financial difficulties he could not complete his contract on the Fenton school job and had drawn all of the contract price of $10,111 except $2,857. Of this latter sum he told Burden he had assigned $1,100 to S. J. Lemoine. Petitioner further declared that on February 14, 1951, represented by Burden, it entered into an oral contract with defendant to complete Smith’s contract in exchange for the balance of $2,857 due on the contract price. It is then alleged that pursuant to the above agreement plaintiff did perform and complete in accordance with the plans and specifications the marble and tile work, and that during the month of April, 1951, defendant paid plaintiff $1,157, but has made no further payments, thus leaving the sum of $1,700 which plaintiff now claims in this suit.
Defendant by way of defense alleges that he at no time ever entered into a contract with plaintiff but on the contrary expressly refused to enter into such a contract; that Victor E. Smith never advised defendant that he would not complete his contract and in fact Smith did complete the tile and marble work on the Fenton school job for which he was paid $9,753.48, with a balance remaining unpaid of only $357.42, and which sum was not paid because of liens for federal taxes filed against Smith.
Plaintiff does not ask for judgment for $1,100 representing the amount which Smith owed S. J. Lemoine on February 14, 1951. This amount appears to have been paid and does not require our consideration.
The issues as presented require resolution of: (1) whether Mid-State Tile Company, Victor E. Smith and Cecil Chaudoir did enter into a contractual' arrangement wherein and whereby .Mid-State Tile Company would take over and complete the subcontract of Victor E. Smith; and (2) whether in the absence of such a contractual arrangement, plaintiff has established its right to be paid on a quantum meruit basis for materials furnished and services performed in completing the tile and marble work on defendant’s school job.
John C. Burden, Jr., testified an oral agreement or contract was entered into on July 14, 1951, when Burden and Victor E. Smith called at the office of Cecil Chaudoir and there had a conversation relating to the subcontract of Victor E. Smith and the future performance of Smith’s obligation to complete the Fenton school job. Defendant testified that Burden, representing the Mid-State Tile Company, proposed to take over the work and complete it if Smith and Chaudoir would agree that the balance due under Smith’s contract would be paid to the Mid-State Tile Company. Chaudoir testified he expressly declined to enter into such an agreement, stating that he did not wish to further complicate his dealings with Smith. Chaudoir’s testimony is corroborated in full by both Smith and Chaudoir’s bookkeeper, Camille Gremillion. Further substantiation of defendant’s position comes from an exhibit filed in evidence by plaintiff — a copy of a letter dated February 14, 1951, addressed to the defendant setting forth a proposal essentially the same as testified to by Burden. The letter was signed by Mid-State Tile Company through J. R. Bell. At the bottom of this letter is a line over which is written the word “approved”. This letter read in connection with the testimony relating to Smith’s contract is persuasive defendant did not reach the agreement sought, for Cecil Chaudoir did not sign the “approval”. A further incident supporting the position of defend *554 ant is the issuance during April, 1951, of a check.by Chaudoir for $1,157 payable to the Twin City Tile Company. It bears the endorsement of Victor E. Smith and John C. Burden, Jr. Chaudoir testified he presented this check to Smith when Smith and Burden came to his office. That the check was payable to the Twin City Tile Company rather than the Mid-City Tile Company is further indication of a refusal to recognize Mid-State Tile Company as a successor to Victor E. Smith.
Burden, on or about February 3, 1951, advanced funds to release a seizure of some, if not all, of the physical assets of the business of Victor E. Smith. Following this venture it appears Burden on other occasions undertook to give financial assistance to Victor E. Smith and in order to handle such matters he formed a partnership with Bell to operate under the name of Mid-State Tile Company. It is apparent from various exhibits filed in evidence that Mid-State Tile Company was performing several jobs while it was engaged in completing the work contracted for by Smith on the Fenton school. During this period, Smith was on a salary paid by Mid-State Tile Company. Smith testified Mid-State Tile Company did not take over his contract with Chaudoir but only advanced him money to enable him to complete the job. He said further that originally Burden had agreed to go into partnership with him and take over the Twin City Tile Company, but this was never accomplished. He corroborated the testimony of Chaudoir as to the balance of $357.42 due and unpaid under his subcontract.
Plaintiff produced and filed during the trial invoices and canceled checks to show that services were performed on the Fen-ton school job by the Mid-State Tile Company. The proof clearly indicates material and services were so rendered by the plaintiff aggregating $1,640.33.
Plaintiff’s action primarily asserts defendant entered into a contract with it whereby plaintiff would take over and complete the subcontract of Victor E. Smith and in return therefor would receive payment from defendant of the sum of $1,700. Such an understanding obviously would require Chaudoir to pay this amount directly to plaintiff and not to Smith as apparently was the case. Evidence as to payments made by Chaudoir on account of the subcontract subsequent to February 14, 1951, were largely excluded in whole or part by rulings of the judge a quo, with the result that all payments on the subcontract after this date could not be verified. Chaudoir repeatedly testified, however, and such testimony is not disputed, that at the time this suit was filed he had made all payments due under the marble and tile subcontract, save the sum of $357.42 which he was forced to withhold because of government tax liens.
Plaintiff we think has failed to prove the existence of the oral contract. Such a contract could not be confected without the consent of both Cecil Chaudoir and Victor E. Smith. Both of these parties deny consenting to such an agreement. Their testimony is corroborated by Camille Gremillion, plaintiff’s bookkeeper, and also by other facts as pointed out above.
The alternative demand alleged on a basis of quantum meruit must also fail. While it is proper to bring such an alternative demand where an express agreement cannot be proven under the authority of Thibodaux v. Falcon, La.App.1940, 194 So. 77 and other Louisiana decisions, we are persuaded the services rendered by Mid-State Company were rendered directly on behalf of Victor E. Smith.
The record discloses that the subcontract between Twin City Tile Company or Victor E. Smith and Chaudoir was never mutually dissolved by the parties thereto. The subcontract was never assigned to Mid-State Tile Company. It, therefore, follows that the services performed by Mid-State Tile Company were actually rendered to and in behalf of Victor E. Smith. They could have been rendered only under the subcontract. Chaudoir *555 thus did not receive any benefit or financial advantage from the services of Mid-State Tile Company. Plaintiff does not claim to have performed services for Chaudoir outside of those specified in the subcontract. It is, of course, well settled in our jurisprudence that an action in the nature of quantum meruit will not lie for recovery under and in accordance with the requirements of a special contract. See Condran v. City of New Orleans, 1891, 43 La.Ann. 1202, 9 So. 31; Dalgarn v. New Orleans Land Company, 1927, 162 La. 891, 111 So. 271; Katz v. Karnofsky, 1924, Orleans, No. 9614. See Louisiana and Southern Digest; Bouterie v. Carre, La.App. 1942, 6 So.2d 218.
 The action upon quantum meruit finds sanction in our LSA-Civil Code, especially under articles 2293 and 2294, wherein recovery may be had upon an obligation implied in law for services which redound to the benefit of one where there is no agreement which has the dignity of a contract. It follows, however, that before the action can succeed it is incumbent upon plaintiff to show that there is an equitable reason for recovery and the services so rendered have inured to the benefit of the one for whom performed. It has repeatedly been held that where the services are not to the advantage of the defendant the latter cannot be held. See Biedenharn v. Waters, 1930, 169 La. 1006, 126 So. 508; Granger v. Fontenot, La.App. 1941, 3 So.2d 215; Levey v. Levenson, La.App. 1947, 30 So.2d 158; Willis v. Mills Tooke Properties, Inc., La.App.1949, 42 So.2d 548.
Our consideration carefully given to the record herein presented has prompted us to find: that plaintiff and Chaudoir failed to enter into any oral agreement by which defendant became obligated to pay plaintiff the sum of $1,700 or any other sum; and, the alternative demand of plaintiff cannot be sustained on the quantum meruit basis. For these reasons it follows that the judgment from which appealed must be, and it is hereby affirmed at appellant’s costs.