BOLIN, Judge.
Carroll Lumber & Supply Company brought suit against L. C. Bushong for the sum of One Thousand Two Hundred Seventy Four and 03/100 ($1,274.03) Dollars alleged to be due for services rendered. Plaintiff based its demand on a verbal contract which it contends was entered into between the parties for the preparation of plans and specifications for a proposed tourist court to be built for defendant. It appears that Mr. Bushong, in the fall of 1957, was contemplating the construction of a tourist court on property owned by him. He contacted Mr. G. F. Cox, a carpenter in the employment of plaintiff and a personal friend of the defendant, seeking information as to his proposal. Mr. Cox stated that he did not prepare such estimates and plans on large scale operations but that his employer did. Thereafter, Cox referred A. J. Atanacio, vice-president of plaintiff company, to Bushong and defendant was visited by Atanacio and informed that Carroll Lumber & Supply Company could and would furnish plans, specifications and do the contracting work on the proposed tourist court.
Mr. Atanacio prepared pencil sketches for a ten unit court and was told that defendant could not finance the project on a ten unit basis. Thereafter, plans were drawn for a thirty unit court. Atanacio was not a licensed architect and therefore secured the assistance of Royal Planning Service in preparing the blueprints.
In the course of the preparation of the plans, Atanacio conferred with a restaurant supply house with reference to requirements and spacing needed in the restaurant which was proposed in connection with the tourist court. Also, the approval of Mr. Van Barnett, an engineer, was sought with reference to the structural details of the plans and his services were paid for by plaintiff.
The plans were submitted to state and local health authorities, and, after several corrections, were approved. However, the efforts of defendant to finance the project were unsuccessful and Mr. Atanacio was also unable to secure financing for the project.
In March, 1959, plaintiff sent Bushong a bill for services rendered in preparing the plans and specifications in the sum of One Thousand Two Hundred Seventy Four and 03/100 ($1,274.03) Dollars. This figure was based on ten cents (10‡) per square ■foot of inside floor area and five cents (5‡) *212 per square foot of the covered walk area, plus Fifty-six and no/100 ($56.00) Dollars for the preparation of the blueprints.
It is the contention of plaintiff that a verbal contract for the preparation of plans had been consummated between the parties; and, in the 'alternative, that the services were requested by the defendant which thereby created an implied obligation to pay for them.
Defendant argues that the record substantiates his claim that there was no agreement pertaining to the plans or the charge for services in preparation of them and that plaintiff made the drawings in the hope of securing the contract to construct the project. Defendant, against the claim under quantum meruit, argues that the pleadings were insufficient to allow introduction of evidence on the point and, further, that defendant had not benefited from the services, which fact negates application of the principle.
The lower court awarded judgment in favor of plaintiff in the full amount sued for and defendant has perfected a devolu-tive appeal therefrom.
The issues, as we appreciate them are:
(1) Whether the evidence justifies a finding that a verbal contract was entered into between the parties for the preparation of the plans and specifications.
(2) If not, whether the services were rendered under such circumstances as to create an implied obligation to pay therefor.
The two issues with which we are concerned are primarily factual in nature. Plaintiff urges us to find that a verbal contract for the services had been consummated. We have not been favored with a written opinion from the court below, but an examination of the record shows that there was no agreement concerning the plans and specifications. Defendant testified, and was corroborated by his daughter, that it was understood at all times that the project depended upon securing the necessary financing and any failure in that regard would preclude further steps. Plaintiff understood this and proceeded with this understanding. Mr. Atanacio testified somewhat contrary to this but even he had to admit that there was never a definite agreement as to what the defendant obligated himself to pay. No such contract could be confected without the consent of both parties. Thus, there was no contract entered into for the planning services independent of the project itself.
Plaintiff’s alternative argument is that there was a request for the planning services which gave rise to an implied obligation to pay therefor under the so-called "quantum meruit” principle.
Plaintiff cites as support for his position Elam v. Shushan, 1944, 205 La. 471, 17 So.2d 713; Camfrancq v. Pilie, 1846, 1 La. Ann. 197; and Doll v. Albert Weiblen Marble & Granite Co., Inc., 1945, 207 La. 769, 22 So.2d 59. An examination of these cases, however, shows that in each of them there was, at the very least, a request for services which inured to the benefit of the person receiving them.
This court, with Judge Gladney as organ, stated in Mid-State Tile Co. v. Chaudoir, La.App. 2 Cir., 1955, 77 So.2d 552, 555:
“The action upon quantum meruit finds sanction in our LSA-Civil Code, especially under articles 2293 and 2294, wherein recovery may be had upon an obligation implied in law for services which redound to the benefit of one where there is no agreement which has the dignity of a contract. It follows, however, that before the action can succeed it is incumbent upon plaintiff to show that there is an equitable reason for recovery and the services so rendered have inured to the benefit of the one for whom performed. It has repeatedly been held that where the services are not to the advantage of the *213 defendant the latter cannot be held. See Biedenharn v. Waters, 1930, 169 La. 1006, 126 So. 508; Granger v. Fontenot, La.App.1941, 3 So.2d 215; Levey v. Levenson, La.App.1947, 30 So.2d 158; Willis v. Mills Tooke Properties, Inc., La.App.1949, 42 So.2d 548.”
Our careful examination of the record fails to disclose any advantage or benefit inuring to defendant by virtue of plaintiff’s services. To the contrary, we find that the primary interest of plaintiff was in securing the contract to build the tourist court, not in receiving a commission with regard to preparation of any plans and blueprints that might be necessary to that end. Therefore, there is no equitable reason shown to sustain any plea for quantum meruit and we find the holding of Ghirardi v. Krisler, La.App. 1 Cir., 1935, 161 So. 887, 888 applicable herein. That case was very similar to the one under consideration. There the plaintiff was a builder and contractor and he brought a suit for services rendered in preparation of estimates, sketches, prints, etc., for some contract work. The court found as a fact that no contract existed between the parties for the services rendered, and, that the plaintiff made the plans and estimates in the hope of obtaining the construction contract. In deciding the case, the court held:
“In our opinion, plaintiff has failed to carry the burden of proof that he was employed by the defendant as an architect and that he rendered services as such which entitle him to the fee he seeks to recover. Moreover, we find certain admissions in his own testimony which tend to strengthen the defendant’s version of the matter that it was as a contractor, bidding on the work, that he performed the services for which he claims now he should be paid.”
It is our opinion that plaintiff has failed to establish any contract and that he failed to show any benefit inuring to defendant under such circumstances as to imply any obligation to pay therefor under the theory of quantum meruit.
During the trial in the lower court, defendant objected to the introduction of any evidence as to quantum meruit, as it was contended that same was improperly pled. In this court he again urges this objection. Having decided that the plaintiff has failed to prove his demands under such a theory, it is not necessary for us to pass on this question.
It is, therefore, our opinion that the judgment of the lower court should be, and it is hereby, reversed and accordingly plaintiff’s demands are rejected at its cost, including the cost of this appeal.
Reversed