SAVOY, Judge.
The defendant appealed from a money judgment rendered against him by the district court.
The instant suit involves a question of fact. The district judge, in a well written and reasoned opinion, has discussed the evidence and the law applicable thereto. *431 We, therefore, adopt his opinion as our own:
“This is a suit by the C. E. Evans Company, Inc. against an individual, Lowray Chachere, to recover under a verbal contract for the use of a MC 4 Loraine Motor Crane. Plaintiff is asking- the sum of Fifteen Hundred ($1500.00) Dollars based upon a six (6) months use at the rate of Two Hundred Fifty ($250.00) Dollars per month. Plaintiff also asks for the sum of Six Hundred Fifty ($650.00) Dollars for repairs of damage to the boom of the crane allegedly caused by the defendant. In addition, plaintiff also asks for the sum of One Hundred ($100.00) Dollars for the construction of four (4) cattle guards.
“Alternatively, plaintiff alleges that he is entitled to the sum of Fifteen Hundred ($1500.00) Dollars for the use of the crane on the basis of ‘quantum meruit’.
“The case was heard and submitted on briefs.
“The claim of plaintiff will be disposed of by the Court in reverse order of which they are alleged.
“Defendant has admitted that he was indebted unto the plaintiff corporation for the cattle guards and tendered the One Hundred ($100.00) Dollars in open court and before the trial commenced.
“In plaintiff’s claim for the damage to the boom, the Court is of the opinion that it has not been established by a preponderance of the evidence. In the first place, it is clear from the testimony of all who were familiar with the crane that it was in as good a condition when received by the defendant as when returned to the plaintiff. It is true that the defendant admitted that the boom was damaged while in his use, but that it had been repaired. Furthermore, even if that boom was not in the same condition when returned, the plaintiff has failed to introduce sufficient evidence to show how much would be necessary to repair the same. The claim of Six Hundred Fifty ($650.00) Dollars is therefore rejected.
“As regards the verbal contract alleged, there is, of course, contradictory and conflicting testimony between Mr. C. E. Evans, the secretary-treasurer of the plaintiff corporation, and the defendant, Lowray Chachere. Mr. Evans says that they had agreed to the Two Hundred Fifty ($250.00) Dollars monthly rental, but did not say that at the time of the contract there was agreement as to the terms. The alleged agreement was made only in their presence. No attempt was made to bill or collect any of the rental until he, Evans, requested fhat the machine be returned.
“Mr. Chachere, on the other hand, denies any agreement to pay any rental. He says than usually the dealings between he and Mr. Evans were ‘usually free gratis. In other words, do me a favor this time and I do you the favor next time.’
“Since it is plaintiff’s burden to establish a contract between it and the defendant, the Court is of the opinion that the evidence offered in support of this allegation falls short of being a preponderance and will deny any recovery upon the main allegation. However, plaintiff has the alternative plea for the same recovery upon the basis of ‘quantum meruit’. This is permitted under Louisiana procedure. Bouterie vs. Carre [La.App.] 6 So.2d 218 (1942).
“The defendant’s use of the crane in question was for a period of six months from October 1, 1961, to March 3, 1962, although he had in fact, actually used it much longer. He used it principally in his ready-mix concrete business and that it was necessary in the function of the business in loading bins with sand and gravel. He further stated that he used it when he needed it and although he had other cranes, they were sometimes gone on other jobs. Obviously, the defendant was receiving some benefit from the presence and use of *432 the crane. Now, is this a situation which may permit one to recover under quantum meruit when there is no actual contract but only an implied obligation to pay ? The Court is inclined to think so.
“The case of Granger vs. Fontenot [La.App.], 3 So.2d 215 (1941) involved a situation where the plaintiff was suing for recovery in quantum meruit for the use by defendant of a tractor and water pump. The Court stated:
“ 'It is true that there can be no recovery on a quantum meruit unless there was a contract either express or implied between the parties, or unless the services rendered by the plaintiff or the use of his property inured to the benefit of the defendant under such circumstances as to imply an obligation to pay for it. Duncan v. Blackman, 3 La.App. 421. But certain obligations are contracted without any agreement, either on the part of the person bound, or of him in whose favor the obligation takes place. C.C. Art. 2292. Among this kind of obligation is that arising from a quasi contract.’ See C.C. Articles 2292, 2293, 2294.
“In view of the circumstances in this case, it is the Court’s opinion that a quasi contract actually existed and under the seemingly well established jurisprudence stated in the Granger case plaintiff has a right to recover.
“Defendant has relied upon the case of Elam v. Shushan, 205 La. 471, 17 So.2d 713 (1944) to support his contention that there was no quasi contract which would support a quantum meruit award. Whereas the Court agrees with counsel that the legal principals stated by Chief Justice O’-Niell are applicable here, but the factual situation in this case distinguishes it.
“Since it was stipulated by and between counsel that Two Hundred Fifty ($250.00) Dollars was a reasonable rental for the crane, the Court is not burdened with the duty of determining a fair award. Accordingly, judgment is rendered in favor of plaintiff and against defendant in the sum of Fifteen Hundred ($1500.00) Dollars. All costs to be paid by defendant.”
For the reasons assigned, the judgment of the district court is affirmed. Costs are to be paid by defendant-appellant.
Affirmed.