GLADNEY, Judge.
This suit was instituted by Arthur B. Black, Jr. to recover indebtedness allegedly due by Meadowview Homes, Inc. for repair work and replacement of an air handler unit in the nursing home operated by the defendant in Minden, Louisiana. The repair work was performed on September 7, 1964 for which defendant was charged $18.75. On October 7, 1964 plaintiff alleges he sold and installed the air handler unit at a cost of $895.00. Responsibility for these costs are denied, the defendant averring that the repair work on September 7, 1964 was within the warranty period of plaintiff’s contract; and further it denied that it at any time gave its consent to or agreed to the replacement of the air handler unit. By third party petition respondent asserts that the unit replaced on October 7 was damaged as the result of an explosion and the loss thereof was covered by a policy of the Aetna Casualty and Surety Company, which was made a third party defendant. Aetna defended on the ground that the loss was excluded under provisions in its policy and further answering, it named Arthur B. Black, Jr. as a third party defendant, averring in the alternative that the loss was due to improper maintenance and neglect of Black, and that if recovery should be had against Aetna, that in such event it should be entitled to judgment against Black. After trial judgment was rendered for plaintiff and the demands against the third party defendants were rejected. Meadowview Homes, Inc. has appealed.
Construction of the nursing home was completed by Hibbard and Mahoney Con-’ struction Company, the prime contractor, during August or September, 1963. Under a subcontract with the prime contractor plaintiff installed two ten ton air conditioning systems which were accepted as satisfactory by the defendant on September 21, 1963. Each of these systems comprised two separate units: a compressor unit housed on the outside of the building and an air handler unit installed on the top of the building. The air handler unit was warranted by Black for a period of one year which expired September 21, 1964.
On October 4, 1964 a breakdown which was accompanied by an explosion of freon gas occurred in one of the air handler units and apparently was damaged beyond repair. Upon receiving a phone call from the administrator of the home, Alonzo B. Catron, Black, accompanied by his repairman, Jimmy Travis Martin, went to the home for the purpose of restoring service. They were met by Catron who declared to *470 them that defendant would not be liable for the replacement, and that either Black was obligated for the loss under his warranty-agreement or defendant’s liability insurer was responsible under its policy. Thereafter Catron consistently denied any liability by the defendant and has not deviated from this position. Black admitted he did not obtain the consent of Catron for the replacement. However, despite this denial Black proceeded to replace the damaged unit, completing his work on October 7. He testified that Claudius E. Whitmeyer, a representative of Aetna, gave him authority to go ahead and put the unit in. This was denied by Whitmeyer and by other representatives of the insurer. Andrew Jackson Gray, Jr., a representative of the factory furnishing the unit, testified that while the unit was being installed he questioned Black as to the authority from the defendant or its insurer for the payment of costs in connection with the installation and suggested that Black secure some specific authorization. This was not done and the witness stated that Black’s comment was to the effect that he had no choice but to install the unit as he had lost part of the day and he would just have to work it out.
Appellee’s brief recognizes that the evidence does not disclose consent or permission by the defendant to install the unit at its cost but nonetheless argues defendant is liable under an implied contract as prescribed by LSA-C.C. Art. 1816,[1] it being contended that the defendant has continued to use the unit and at no time has requested or required plaintiff to remove the unit from its premises. The persistent expressions of denial of responsibility by Catron, admitted by Black, are inconsistent with the application of the provisions of this codal article and we hold that it is without application. In the absence of a valid and binding contract between Black and the defendant plaintiff is not entitled to recover for the purchase price of the unit: Price v. Foster, 182 La. 79, 161 So. 161 (1955); Mid-State Tile Company v. Chaudoir, La.App., 77 So.2d 552 (2nd Cir. 1955); 228 La. 634, 83 So.2d 654; Baton Rouge General Hospital v. Superior Cleaners, 231 La. 820, 93 So.2d 20 (1956); Carroll Lumber & Supply Co. v. Bushong, La.App., 125 So.2d 210 (2nd Cir. 1960); Knighton v. Beckham, La.App., 154 So.2d 232 (2nd Cir. 1963).
It must also be observed that plaintiff’s repair bill for $18.75 for work performed on September 7, 1964 was within plaintiff’s contract of warranty which did not expire until September 21, 1964, and therefore the defense as to this item must be sustained.
For the foregoing reasons the judgment is reversed, annulled and set aside and plaintiff’s demands are rejected at his cost.

. Code Article 1816 reads:
“Actions -without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract. To receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value. If an offer is made of an article in deposit, and the article is received, the contract of deposit is complete. If a mandate is acted on, the mandatory is bound in the same manner as if he liad accepted in writing. In all those cases and others of the like nature, all the conditions, which he, who gives or proposes, annexed to the delivery of the acceptance of the proposition, are also presumed to have been accepted by the act of receiving. If the merchant, in delivering the goods, declare that they must be paid for by a certain time; if the depositor designate how the deposit is to be kept, or the mandator in what manner his commission is to be executed, he who receives and acts is obligated to the performance of all these conditions.”'