ELLIS, Judge.
In 1966, plaintiff J. L. Scivicque built a residence for defendant M. C. Kemp. Some time after the completion thereof, the flooring under part of the house buckled. Mr. Scivicque was called by Mr. Kemp, and he replaced the floor. This suit is for the amount allegedly due for labor performed and materials furnished by plaintiff to defendant in connection therewith. After trial on the merits, judgment was rendered without reasons in favor of plaintiff and defendant has appealed.
Plaintiff’s suit alleges an oral contract between himself and defendant. Mr. Kemp, by way of answer, denies the existence of the contract, and alleges that the work done to replace the floor was unacceptable because of substandard materials and workmanship. He further alleges that the second floor was also substandard, and in a reconventional demand prays for $1,000.00 to replace the floor once again. Defendant also filed peremptory exceptions of non-joinder of an indispensable party, and no cause of action. The exceptions were overruled, and are re-urged in this court.
Both exceptions are based on the fact that the materials furnished for the second floor, which were purchased by plaintiff from Bayou State Discount House, Inc., were not paid for by him, and that Bayou State had to be made a party, or had to bring the action for materials. Both exceptions are without merit. There can be no liability by defendant to Bayou State, because no lien was filed. Plaintiff is liable to Bayou State for the materials, and is entitled to sue for the cost thereof.
Defendant claims that the court below erred in finding that plaintiff had proved the existence of an oral contract. Since no written or oral reasons were assigned, we do not know if such a finding was made by the trial court. From the testimony, we think it very doubtful that there was a firm oral contract between the parties. There was certainly no express agreement as to price or even as to who was to pay for the job. On the other hand, there is no doubt that plaintiff removed the old floor, replaced the old felt with a plastic membrane, put down an underlayment of A-D grade exterior plywood, and laid Jis inch asbestos tile on top of this. Both parties testified that when the job was completed, defendant offered to pay plaintiff. Plaintiff did not accept payment at that time, apparently because there were some questions as to the quality of the materials used in the original floor, and a possibility existed that Bayou State, which sold them to plaintiff, might be responsible for the original defect. There is no dispute as to the value of the material and labor furnished by plaintiff on the second job.
Article 862 of the Code of Civil Procedure provides as follows:
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
This article, together with Articles 1154 and 1841 and 2164, granted to the courts the authority to grant the relief to which a party may be entitled on the record. Taking the pleadings, the evidence admitted without objection, and the record as a whole, we are of the opinion that plaintiff has made out a prima facie case for recovery on a quasi contractual or quantum meruit basis. Granger v. Fontenot, 3 So.2d 215 (La.App. 1 Cir. 1941); Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965). These cases, interpreting Articles 2292-2294 of the Civil *37 Code hold, in effect, that when one receives the benefit of another’s services, there is an implied promise to pay for them.
The first defense advanced by Mr. Kemp is that the original floor was not acceptable and plaintiff was bound to replace it without additional charge. In this connection, Mr. Scivicque testified that the original flooring failed because water was trapped under the house, causing the plywood to become wet and to buckle. It is not disputed that the water was trapped under the house because Mr. Kemp had pushed dirt up around the foundation, preventing it from draining out. Mr. Scivicque’s opinion is confirmed by that of the president of Bayou State, a carpenter and contractor of some 30 years experience, and there is no evidence to the contrary. We find the original difficulty with the floor to be due to the fault of Mr. Kemp.
The second defense, and the basis for the reconventional demand, is that the new floor was unacceptable because of substandard material and workmanship. The defects complained of are bumps in the tile caused by protruding nail heads, the fact that the seams between the tiles do not match up, and the presence of ridges in the tile. The presence of these defects were admitted by plaintiff. He attributed the protruding nail heads to a swelling of the plywood due to moisture and a subsequent drying out and shrinking, having no connection with the installation. The tile seams did not match because a different kind of tile was used in the border as opposed to the main body of the room, he said, and a slight difference was unavoidable. The presence of the ridges he attributed to the fact that the tile was only Yie of an inch and would, with use, show the surface characteristics of the under-layment, including the seams and any minor surface irregularities. He said this also was unavoidable.
Robert E. Jeansonne, who qualified as an expert in the field of tile and formica, testified to the existence of the various defects. He said the offset between the tile seams in the rooms complained of was a maximum of J4 inch. He testified that the defects were due to faulty workmanship, and that they could only be remedied by doing the entire job over again.
The record further shows that the work on the second floor was done in the fall of 1966 and demand for payment was not made until February, 1969. During this period, there was no complaint made by defendant as to the quality of work.
After hearing the evidence, the trial judge evidently accepted plaintiff’s testimony and awarded him judgment. We cannot say that he was manifestly erroneous in so doing.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.