Napton, judge,
delivered the opinion of the- court-
Pryor instituted a suit in 1848, against Mullen, upon a note executed on the 12th Dec., 1840, by one U. E. Fort, and assigned by said Fort to the plaintiff on the 15th Dec-, 1840. The declaration charged the making and assigning of said note iruthe usual way, and avers that when the said promissory note became due and payable, to wit on-the 16th Dec., 1840, the said Fort, the maker, was insolvent, so that a suit against the said maker of the said promissory note aforesaid, would have been unavailing, by means whereof, and by force of the statute, &c., the said defendant became liable, &e. The defendant put in the statutory plea and the parties went to trial. Upon the trial, evidence was given to show that Fort was insolvent when the note assigned to Pryor was due. The defendant called upon the court to instruct the jury that the plaintiff must prove the defendant to have been insolvent at all times, from the time his note fell due until the institution of this suit. This instruction was refused, and its refusal presents the only point assigned for error. We think the instruction was properly refused, because the declaration only averred an insolvency at the maturity of the note, and a party is not bound to pro.ve more than he asserts in his declaration. If the declaration was insufficient, the defendant should have demurred, or moved in arrest.
Would not the fact of a subsequent change in the eondition of the obligor after his insolvency at the maturity of his note is alleged and shown, be more properly a matter of defence 2 It would seem that when the plaintiff shows a state of insolvency at a time, when by law he is bound to sue, if a suit can effect any thing, that state of things will he presumed to continue until the contrary be shown.
Judgment affirmed.