HOWLAND
*v.*
FOSDICK.

---

## BARELLI et al. *v.* LYTLE et al.

Where a commission to take testimony in another State is addressed to "any judge or justice of the peace," at the place where the evidence is to be taken, without naming any one in the commission, the party offering the commission must show directly, or by circumstances authorizing a legal inference, that the person by whom the commission was executed, was, at the date of its execution, a justice of the peace of the State into which the commission was sent. A certificate of the Governor of the State, dated subsequently to the execution of the commission, stating merely that the person by whom the commission was executed, "*is* a duly authorized justice of the peace and that full faith and credit are due to his official acts," not written on the same paper as the depositions, and there being no internal evidence in the papers that the justice's certificate was ever seen by the Governor, is insufficient to establish that the justice was qualified to act at the date of the execution of the commission.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Josephs*, for the plaintiffs. *W. D. Hennen*, for for appellant, cited *Baine* v. *Wilson*, 18 La. 64. *Edmonson* v. *Mississippi and Alabama Railroad Company*, 13 La. 285. Starkie on Evidence, vol. 3, p. 1252. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. At the trial of this cause the plaintiff offered in evidence the return of a commission to take testimony, addressed to any judge or justice of the peace at Port Lawrence in the State of Texas. The defendant objected to the introduction of this evidence upon the ground, among others, that the certificate of the Governor of Texas, dated June 29th 1848, shows that *J. R. Baker* was a justice of the peace on that day, but does not show that said *Baker* was a justice of the peace on the 5th June, 1848, at which time the commission was executed.

The certificate is in these words:

"*Austin, June* 29 1848.

" The undersigned, Governor of the State of Texas, hereby certifies that *John R. Baker* is a duly authorized justice of the peace in and for the county of Calhoun in said State, and that full faith and credit are due his official acts."

It is not written upon the same paper as the depositions, but upon a distinct sheet; the papers exhibit no internal evidence that the justice's certificate was ever seen by the Governor.

The justice not being named in the commission, it was necessary to show either directly or by circumstances authorizing a legal inference, that *Baker* was, at the date of the execution of the commission, a justice of the peace in the State of Texas. It may be, in some cases, that when the existence of a subject matter or relation has been established, its continuance may be presumed. But here we are called upon to presume, from the fact that a person was qualified to act as a justice at a particular date, that he was qualified so to act at a period anterior to that date. Such a presumption is not supported either by reason or authority.

Excluding the testimony thus taken, we are of opinion that the remaining evidence is insufficient to establish the liability of *Huntington*. The testimony of *Mansoni* would have been insufficient alone to impose upon the appellant a liability for the debt, which exceeds $500. We do not find in the facts stated by the other witnesses a corroboration of the alleged liability. They do not point to the transaction which forms the subject of this suit; and are as consistent with the hypothesis that *Huntington* was not a silent partner of *Lytle & Rudler*, in the goods purchased of the plaintiff, as with the opposite hypothesis. Besides, it does not distinctly appear from the testimony of *Mansoni* whether the interest of *Huntington* in the adventure arose, after the dealings between *Barelli* and *Lytle & Rudler*, who were charged on *Barelli's* books, or existed at the time. *Non constat* that *Huntington* may not have bought an interest subsequently, and thus have been the debtor of *Lytle & Rudler* only. See *Young* v. *Hunter*, 4 Taunton, 582. Story on Part. p. —, § 146 *et seq.*

As the district judge admitted the testimony under the Texan Commissions, and the plaintiff, under the circumstances, may have thought it unnecessary to adduce further evidence, we think the most proper course is to remand the cause.

It is therefore decreed, that the judgment of the district court be reversed, and that this cause be remanded for a new trial and for further proceedings according to law; the plaintiffs paying the costs of this appeal.