## BUTLER, GIBB & CO. V. HENRY.

1. EVIDENCE: *Partnership. Presumption of continuance.*
   A partnership being once proved to exist at a particular time, will be presumed to continue until a dissolution is proved; but there is no presumption of its existence before the time.

2. PARTNERS: *Liability of new partner for old debts.*
   A new partner coming into a firm is not liable for its previous contracts unless he expressly contracts to be liable.

APPEAL from *Miller* Circuit Court.
Hon. C. E. MITCHEL, Judge.

*O. D. Scott,* for appellants.

The court erred in excluding the depositions of Mitchell and Maxwell, and the exhibits thereto.

"Where the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question." "On the same ground, a partnership, or other similar relation, once shown to exist is presumed to continue, until it is presumed to have been dis-

solved." "The existence of a partnership having been proved at a particular time, it will be presumed to continue until a dissolution is proved." *1 Greenlf. on Evi.,* secs. *41, 42; Isby v. Brigham, 9 Humph., 750; Eames v. Eames, 41 N. H., 177; 27 Ala., 618; 19 La. Ann., 12; 12 Mo., 307; 32 N. J. L., 124; 1 Hill (N. Y.), 377; 2 Grant Pa., 229; 4 Ark., 456.*

*U. M. & G. B. Rose,* for appellee.

It is true that a relation once shown to exist is presumed to continue. But this presumption is entirely prospective. Presumptions are not retrospective. *68 Ala., 569; 4 La. Ann., 557; 25 Ill., 256; Lawson on Presumptive Ev., 190.*

The evidence offered merely tended to show that Henry was a partner *after* the shingles were sold, and was not admissible.

SMOOTE, Sp. J.   The appellants, Butler, Gibb & Co., sued Frank M. Henry and others, as partners, under the firm name of the "Carolina Building Company," on an account for shingles, of the date of July 24, 1878, for the sum of $141.63.

The issues were disposed of as to the other defendants without contest; but Henry answered, denying, in substance, that he was a member of said company at the time of the making of the contract sued on, and his liability on the same.

The verdict and judgment were for Henry, and Butler, Gibb & Co. have brought the case here by appeal.

The only question before us is upon the exclusion of certain evidence offered in the court below by appellants.

Gibb, on the part of appellants, testified that Sewell, one of the defendants, bought the goods for the Carolina

Building Company, and that they were shipped according to Sewell's instructions, to Sherman, Texas, the nearest depot to defendants at that time; and he further testified that he did not know who composed said company. In connection with Gibb's evidence, the appellants offered the depositions of G. B. F. Maxwell, with exhibits, and the deposition of C. E. Mitchel, as tending to prove that Henry was a member of the company at the time the contract sued on was made, and as such liable thereon.

The substance of Maxwell's deposition is, that he became acquainted with the company in September, 1878, through business transactions with it, which continued up to 1879, and that while these transactions were pending, Henry was held out to him as a member of the company; that during that time a number of written contracts were entered into between witness and the company, in which Henry joined as a member. These contracts were made exhibits to Maxwell's deposition.

The substance of Mitchell's deposition is this: He prepared the contract, exhibit A, to Maxwell's deposition, of the date of September 9, 1878. At the time of preparing said contract, or a few days before, he saw Henry in Hope, Arkansas, in company with Sewell and Treadway, or one of them, and in the course of conversation learned that Henry was a member of said company, and interested with it in a contract to build a court house in Cook county, Texas. Witness learned this from Henry, or from his conversation with others in the presence of witness.

Certain recitals contained in exhibits C and B to Maxwell's deposition are also relied on by appellants. They are in substance as follows: Exhibit C.(which was executed on the 18th day of October, 1878, by Sewell, and was ratified by Henry and others as members of the company), recites, substantially, that Sewell, on the 25th of

March, 1878, made a contract with Cook county, Texas, to build a court house, etc. And exhibit B (which was executed on the third day of May, 1879, by Henry and others, as members of the company), recites as follows: "That, whereas, on the 18th day of October, 1878, Jesse P. Sewell, as a member of the Carolina Building Association, for himself and said association, entered into a contract in writing with Granville B. F. Maxwell, whereby the said Sewell granted, bargained, sold and assigned, aliened and conveyed unto said Maxwell all the right, title, claim, interest and equity, which said Sewell himself, and the said building association had in and to a certain contract, before that time entered into by said building association with the county of Cook, in the state of Texas, for the erection of a county court house in said county and state," etc. And further on, in the same instrument, the parties executing the same (Henry, among others) styled themselves, "we, the members of the Carolina Building Association," etc.

These depositions of Maxwell and Mitchell, and the exhibits, were excluded by the court below, and the point before this court is, as to whether they were properly excluded.

1. PART-NERSHIP: Presumption of continuance. The legal proposition urged by the appellant is, that when the existence of a personal relationship or state of things is once established by proof, the law presumes the same to continue until the contrary is shown, or a different presumption is raised by the nature of the subject in question; and that the existence of a partnership, having been once proved at a particular time, will be presumed to continue until a dissolution is proved. This position is conceded by appellee, and is well supported by authority. *1 Greenleaf on Evidence, secs. 41, 42; Irby v. Brigham, 9 Hump., 750; Eames v. Eames, 41 N. H., 177; Montgomery*

*Plank Road v. Webb*, *27 Ala.*, *618*; *Sullivan v. Goldman*, *19 La. Ann.*, *12*; *Mullen v. Pryor*, *12 Mo.*, *307*; *Leport v. Todd*, *32 N. J. L.*, *124*; *People v. McLeod*, *1 Hill* (*N. Y.*), *377*; *Hood v. Hood*, *2 Grant Pa.*, *229*; *Prather v. Palmer*, *4 Ark.*, *456*.

And the appellant insists that the evidence excluded tended to prove that Henry was a partner in the said building company on the 25th of March, 1878, and that under the legal rule stated above it ought to have been admitted.

On the other hand the appellee insists that, while it is true that a relation once shown to exist, is presumed to continue, the presumption is entirely prospective—relates to time subsequent to that at which the relation has been shown to exist, and does not refer to any period anterior thereto. This, according to the authorities, is also the law. *Murdoc v. State*, *68 Ala.*, *589*; *Barrelli v. Lytle*, *4 La. Ann.*, *557*; *Erskine v. Davis*, *25 Ill.*, *256*.

And, as a general rule of law, a new partner coming into a firm already existing, is not liable upon its previous contracts. He must in some way or other than by merely becoming a partner, undertake to become thus liable before he can be so held. *Lindly on Partnerships*, *390*, *et seq*. <sub>2. Liability of new partner for old debts.</sub>

The evidence rejected shows *prima facie* that Henry was a partner as early as about the 1st of September, 1878, and that a partnership existed under the firm name of the "Carolina Building Company," as early as March 25, 1878, and that on that date Sewell, for said company, contracted with Cook county, Texas, to build a court house; and that said contract was made before the purchase of the shingles; and if the mere existence of the partnership, before that purchase, were the question at issue, it is probable that the evidence ought not to have been rejected. That, however, is not the issue. The issue is this: Did

the partnership exist at the time of the contract sued on, with Henry as a partner in it.   He does not deny that the partnership existed at the time the goods were bought,. but that he was a member of it at that time?   And we have been able to find nothing in the rejected evidence tending to show that Henry was a member of the partner- ship on the 25th of March, 1878, or had anything to do with the making of the contract of that date for building the court house; or that he was a member of the partner- ship at the time of the purchase of the goods sued for.. Henry's execution of the instruments made exhibits to Maxwell's deposition, which was subsequent to the pur- chase of the shingles, only tends to show that he was, at the time he executed them, a member of the firm, and as such, had then acquired an interest in the contract for building the court house; and not that he was a member or had acquired such interest in March or July previous;. nor does it tend to show that Henry had, in any way agreed to become liable for the partnership debts made prior to his coming into it.   We are therefore of opinion that the rejected evidence was not pertinent to the issue,. and that the court below followed the law in refusing to admit it.

The judgment is affirmed.

Hon. B. B. BATTLE did not sit in this case.