No. 2795

Second Circuit

———

MOBLEY v. HOLDEN

———

(Jan. 28, 1927.  Opinion and Decree.)

———

(*Syllabus by the Court*)

1.  **Louisiana Digest—Appeal—Par. 625.**

The decision of the trial court as to a question of fact will not be disturbed unless clearly erroneous.
    Humble Oil & Rfg. Co. vs. Michiels, 2 La. App. 337.

2.  **Louisiana Digest—Evidence—Par. 52, 53; Obligations—Par. 12.**

The burden of proving a contract rests upon a plaintiff who alleges he entered into one with the defendant.
    Civil Code, 2332.
    DeGruy vs. Cire & Delhomer, 4 La. App. 558.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by L. W. Mobley against F. C. Holden.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

O. A. Easterling; McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellant.

W. F. Pipes; Robert Layton, of Monroe, attorneys for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J.   In this case plaintiff alleges that defendant agreed to pay him $1,000.00 commission if he would secure him a purchaser for his property situated in the city of Monroe, Louisiana, at the price of $17,000.00.

Defendant denied entering into any contract whatever with plaintiff.

On these issues the case was tried and there was judgment for defendant and plaintiff appealed.

OPINION.

The question for decision in this case is one of fact, as to whether or not defendant employed plaintiff to sell his property and agreed to pay him $1,000.00 commission if he would procure a purchaser for the property at $17,000.00.

Plaintiff swore positively that defendant employed him to find a purchaser for his property at $17,000.00 and agreed to pay him a commission of $1,000.00 for his services and that he did in fact find a purchaser for the property at the price fixed.

Defendant swears positively that he did not employ plaintiff to find a purchaser for the property on any terms whatever.

The burden of proof rested on the plaintiff, and both he and defendant swearing diametrically opposite to each other, the testimony of the one offset that of the other, and there was nothing proved. Consequently plaintiff failed to discharge the burden of proof resting on him.

Besides this, it is in evidence that plaintiff wrote a letter to defendant demanding a commission of 5 per cent for having found a purchaser for the property at $17,000.00, and this letter, in our opinion, corroborates defendant's contention that he did not agree to pay plaintiff $1,000.00; for if he had so agreed plaintiff, in this letter would have demanded that amount instead of 5 per cent on $17,000.00.

The trial judge who heard the witnesses testify and observed their demeanor on the witness stand decided the case in favor of the defendant. Under all the evidence we are convinced that his decision is right.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.