No. 9747
Orleans

---

LESLIE CO.

v.

MICHEL BOUCHON CANNING CO.

---

(May 23, 1927. Opinion and Decree.)
(June 6, 1927. Rehearing Refused.)
(July 12, 1927. Writ of Certiorari and Review Denied in Supreme Court.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Obligations—Par. 12, 181.**
When plaintiff sues on a contract, the burden is on him to prove the contract.

by a preponderance of the evidence, and when he fails to do so, his suit will be dismissed.

Appeal from Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by John H. Leslie Company against Michel Bouchon Canning Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dart, Kernan & Dart, Louis C. Guidry, of New Orleans, attorneys for plaintiff, appellant.

Oliver S. Livaudais, of New Orleans, attorneys for defendant, appellee.

JONES, J. This is a suit for fourteen hundred ($1400.00) dollars, damages for breach of contract to deliver shrimp.

Plaintiff's material allegations are as follows: .

(1) That the Hegler Commerce Company, acting as its agent, on May 6, 1922, by telegram to E. D. Cambon Co., brokers of New Orleans, offered to buy a carload of shrimp deliverable on or before June 15th, at one and 15-100 ($1.15) dollars factory subject to approval of samples;

(2) That the Cambon Co., on May 6, 1922, answered as follows:

"Wire received. Have booked John Leslie minimum car truck marked shrimp one fifteen factory shipment between now and June 15th, seventy-five percent wet, twenty-five percent dry. Account Michel Bougon, Empire, La. Will mail samples Monday. Try sell spot car. Only thing available."

(3) That on the same day the Cambon Co. confirmed the sale in writing as follows:

"New Orleans, May 6, 1922.
"Sold to John H. Leslie Co., Chicago, Ills.
"Account of Michel Bougois Canning Co., Empire, La.
"750 cans 48 No. 1 French Market Wet Shrimp at $1.15 per dz.
"250 cans 48 No. 1 French Market Dry Shrimp at $1.15 per dz.
"F.O.B. factory.
            "E. D. CAMBON CO.,
                "Per E. D. Cambon."

(4) That Cambon & Co., acting under the instructions of petitioner's brokers, dealt with Weil & Trapani, New Orleans brokers, who represented Michel Boucon Canning Co., and that on May 6, 1922, Weil & Trapani, being duly authorized by defendant, confirmed above sale on same terms and in substantially the same words.

Defendant filed an exception of no cause of action which was overruled, and then an answer denying that it ever authorized Weil & Trapani to enter into the contract and specially averring that these brokers had notified it of this order, "which would have been filled 'subject to pack' if shrimp had been available".

There was judgment below for defendant and plaintiff has appealed.

All the letters and telegrams referring to the contract are in the record, and they show nothing from defendant, except a letter of October 3, 1922, to plaintiff's attorneys, in which defendant says that it had no knowledge of this matter, except that an order was sent in which it could not fill before the close of the season in June. .

The crucial issue before this court is the authorization of the sales contract.

Weil testifies that his firm had acted as broker several times in sales made by defendant through Leovy; that he had no written authorization, but solicited orders from buyers, and the defendant fixed the price; that sometimes orders were accepted and sometimes rejected; that, if he succeeded in getting an order, he wrote up a sales memorandum like the one quoted above and mailed it to the defendant and considered it accepted by their failure to notify him of rejection; that he had no authority to make sales; that sales were made sometimes by defendant subject to pack and sometimes straight, according to defendant's wishes; that on May 6, 1922, he had phoned Leovy, the president, to come to his office, had told him that he had an order for a car of shrimp; had asked him if he would accept it, and he had said yes; that he then wrote up the sales memorandum after Leovy left and sent it to Cambon & Co.; later he mailed a copy to defendant, but heard nothing from it.

Certainly it would have been more businesslike to have had Leovy approve the sales memorandum before he left the office, but even if this were overlooked, it hardly justifies his failure to follow up the order, when its receipt was never acknowledged by the factory, and he knew that orders were sometimes accepted subject to pack.

Leovy, the president, remembers the interview and the order, but states positively that he followed his invariable custom and accepted the order subject to pack (as was customary with all shrimp people), along with an order from Texas which was not filled until fall; that the letter of Wilbur, then vice-president and general manager, to plaintiff's attorneys of date October 3, 1922, (referred to above), correctly states the facts; that on that date they had no shrimp, that the "pack was bad up to that time and got worse as it went on, and that year's catch was the worst I have ever known."

When shown an order blank of the Julian Packing Co., containing the clause subject to pack, he testified that defendant always used the same form and they were used by all packers; that Weil did not mention the name of Leslie & Co., as he preferred to keep it quiet; that he left the state shortly after that interview and Wilbur had taken charge.

Hingle, a director of defendant, who had been secretary in May, 1922, testified that all sales were made subject to pack; that as far as he knew the board had never authorized anyone to sell shrimp in any other way; that Wilbur had left the company before the trial on account of a serious accident and had gone to Missouri in January, 1924.

The above analysis shows that Weil's statement as to acceptance of contract is contradicted by Leovy and that Leovy is confirmed in part by the letter of Wilbur and by Hingle.

It would certainly have been unbusinesslike in Leovy to accept this order unconditionally when he had no shrimp on hand, and the pack had been bad up to that time. We think that all the circumstances tend to confirm Leovy's statement that he ac-

cepted the order conditionally and that Weil's failure to have the sales contract confirmed then and there was largely responsible for the misunderstanding.

For above reasons the judgment is affirmed.