115 So.2d 226 (1959)
The HUNTER COMPANY, Inc., Plaintiff-Appellant,
v.
COMMISSIONERS OF BOSSIER LEVEE DISTRICT OF LOUISIANA, Defendant-Appellee.
No. 9062.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1959.
Wilkinson, Lewis, Wilkinson & Madison, Shreveport, for appellant.
L. G. Campbell, Campbell & Padgett, Benton, for appellee.
AYRES, Judge.
This is an action upon an alleged contract concerning the entry upon plaintiff's property in Bossier City by the defendant and its contractor for the improvement of an existing drainage ditch, or canal, traversing plaintiff's property. Damages are sought for the alleged breach of the purported contract, allegedly caused through the failure of the defendant and its contractor to comply with terms of an oral agreement.
Plaintiff itemizes its damages under three headings: First, destruction of an existing bridge on plaintiff's property and the failure to remove stumps, rubbish, and treetops, and to spread the filled dirt in accordance with the alleged agreement; second, property actually taken in connection with defendant's work in widening aforesaid *227 canal on plaintiff's property; and, third, a decrease of 25 per cent in valuation of the remainder of plaintiff's property resulting from the standing of stagnant water and the emptying of sewage into the canal. These items generally correspond to plaintiff's allegations of the oral agreement: First, that defendant would spread the spoiled dirt removed from the canal evenly over the land; second, that defendant would neither widen nor deepen the canal; and, third, that defendant would pay all damages sustained by plaintiff to its property in connection with defendant's operations.
After trial, there was judgment rejecting plaintiff's demands and it has appealed.
The principal issue presented for determination is factual in nature and relates to the existence of the alleged oral agreement which forms the basis of plaintiff's action. The only testimony on this point was given by one D. R. Beamer, who was in charge of the land matters of The Hunter Compay, Inc. This witness made it clear that he was not authorized to make an agreement or enter into a contract for and on behalf of his employer with the defendant levee board. Nor does it appear he attempted to make any agreement with the defendant or its contractor. The witness, however, was under the impression that Mr. Hunter himself had entered into some nature of an agreement with the levee board on behalf of his company. Since Mr. Hunter did not testify, it is clear that the record fails to establish the existence of an agreement upon which plaintiff relies for recovery.
The burden of proving the fact of the existence of a contract and/or the terms thereof, either as a cause of action or a defense, is on the party asserting such fact where it is placed in issue, and he has the burden of proving every fact essential to the cause of action or defense. 17 C.J.S. Contracts, § 579, p. 1217; Baker v. Smith, La.App., 87 So.2d 170, Leslie Co. v. Michel Bouchon Canning Co., 6 La.App. 775, Mobley v. Holden, 5 La.App. 444, DeGruy v. Cire & Delhomer, 4 La.App. 558. That plaintiff relies entirely for recovery upon an oral agreement is clearly shown by the allegations contained in paragraph 3 of its petition, the pertinent portion of which reads as follows:
"That * * *, the defendant herein, through its agents, servants, and employees did, pursuant to oral permission granted by petitioner, and with the understanding (1) that defendant would spread any spoiled dirt removed by it from the canal which crosses petitioner's land, evenly over the ground; (2) would not widen or deepen the said canal; and (3) would pay for all damages done in connection with its operations, enter upon your petitioner's said property with a dragline and other construction equipment and commenced to dig, widen and deepen the drainage ditch therein located, placed spoiled dirt, stumps, tree tops and other rubbish on the banks thereof and tore down a bridge across said drainage ditch." (Emphasis supplied.)
Since plaintiff has not established the existence of a contract with the defendant, or in any event the terms thereof, particularly the promise or obligation of the defendant to pay as alleged in the abovequoted paragraph of its petition, there is no proof in the record of any such agreement or obligation on defendant's part to pay the items sought to be charged to it. In this connection, it may be appropriate to observe that plaintiff did not by any alternative demands seek recovery in an action in tort.
The trial court concluded plaintiff had not borne its burden of proof and rejected its demands. We find no error in the determination thus made of the questions presented for decision.
Accordingly, the judgment appealed should be and it is hereby affirmed at appellant's cost.
Affirmed.