SAMUEL, Judge.
This is a suit on a contract of employment. Exceptions of vagueness and mis-joinder were filed by the two defendants named in plaintiff’s original petition. The exceptions were maintained by the trial court, the suit was dismissed as to one of the defendants, E. S. Self, and plaintiff was given leave to amend as to the other defendant. Thereafter plaintiff filed a supplemental and amended petition against the remaining defendant, La-Cal Mud Specialties, Inc. Plaintiff has appealed from a judgment on the merits in favor of that defendant, dismissing plaintiff’s suit at his cost.
In substance, the original and supplemental petitions allege: Plaintiff was employed by the defendant under an oral contract whereby he was to sell the defendant’s products (various types of drilling mud additives used in the oil industry) in return for 15% of the gross sales of the corporation during his employment. In addition, plaintiff was allowed a drawing account of $1,500 to $2,000 per month to be applied against the said 15% of gross sales. Plaintiff previously had been employed by E. S. Self under the same oral contract which had been continued with the present defendant when Self’s business was incorporated as La-Cal Mud Specialties, Inc. Plaintiff’s employment by defendant began February 20, 1958 and continued until October 11, 1958 during which time he received $12,647 and should have received $48,603. The prayer of the petitions is for judgment in the amount of the difference, $35,956.
The defendant answered averring that plaintiff was employed (by Self individually) about January 1, 1958 “under an oral agreement whereby plaintiff was to receive 15% commissions on all sales consummated by him and in addition 15% commission on any sales which he assisted E. S. Self to consummate or consummated with E. S. Self through their joint activity, said sales to be determined solely by E. S. Self upon the conclusion of same when consummated”. The defendant denied that plaintiff was allowed a drawing account. It further averred that, following its incorporation on February 20, 1958, defendant employed plaintiff under the same arrangement until approximately September 5, 1958, when his employment was terminated and that defendant “has paid plaintiff in full all sums due him under monthly rendered accounts to plaintiff”.
The record reveals that plaintiff had been earning $750 per month, and had been *67 unemployed for the preceding three months, when he approached Self seeking employment. The two men were not acquainted with each other at the time. No other person was present when they entered into the oral contract. Plaintiff’s employment by the defendant corporation was under the same contract, Self being the principal stock holder and president of the corporation. The two men never discussed the contract in the presence of a witness.
The only question presented for our determination is one of fact, i. e., whether the employment contract called for payment to the plaintiff of 15% of the gross sales of the corporation, as alleged in the petitions, or only of 15% of the sales made by plaintiff or in the making of which plaintiff assisted, as averred in the answer.
Clearly the burden of proof, with legal certainty and by a preponderance of the evidence, rests upon a plaintiff who sues on an alleged oral contract; he must prove the existence of the contract and the terms thereof. Haase v. Brumfield, La.App., 137 So.2d 680; Carroll Lumber & Supply Co. v. Bushong, La.App., 125 So.2d 210; Hunter Co. v. Commissioners of Bossier Levee Dist., La.App., 115 So.2d 226; E. Levy & Company v. Shreveport Plumbing Company, La.App., 108 So.2d 810. And LSA-C.C. Art. 2277 provides that all contracts for the payment of money above $500 “ * * * must be proved at least by dfie credible witness, and other corroborating circumstances.” Therefore, in the instant case plaintiff has the double burden of proving the terms of the oral contract on which he relies and of making such proof by at least one credible witness and other corroborating circumstances.
In addition to himself, three witnesses testified on behalf of plaintiff. These three witnesses, one of whom was a competitor of the defendant, had been employed by Self prior to plaintiff’s employment. None of them knew anything about the contract upon which this suit is based. Apparently they were called solely for the purpose of .attacking the'character, and credibility of Self. The trial judge could not have been impressed by that attack -and neither ' ar.e we.
The defendant corporation called as witnesses its president, Self, his wife, who worked as his secretary at the time plaintiff entered into the contract of employment with Self and who worked for the corporation while plaintiff was employed by the defendant, and an accountant who kept the corporation’s records during the period here involved. In addition, pertinent records of the defendant corporation and of the firm for which Self worked during the period immediately prior to the formation of that corporation, together with all the checks paid by defendant to the plaintiff and the invoices on which such payments were based, were offered and received in evidence.
Plaintiff and Self categorically contradict each other on the point at issue. The former testified the contract of employment provided for payment to him of 15% of all defendant’s gross sales. The latter testified the contract provided for payment to plaintiff of 15% only on sales made by him or with Self’s assistance or jointly by the two men. Plaintiff did admit he was not entitled to a drawing account.
The checks and invoices introduced in evidence show that plaintiff was paid every month both while employed by Self individually and while employed by the defendant. The invoices do not represent all of the sales made by the defendant and they and the checks are in accordance with the defendant’s contention as to the terms of the contract of employment. Both Mr. and Mrs. Self were quite sure plaintiff made no complaint about the correctness of the amounts he thus received until he did so by the filing of this suit and it is apparent that plaintiff knew the sales upon which he was paid a commission were only a part of the total sales made by the corporation. Plaintiff testified he did complain but only orally. He admitted he had never done so *68 in writing and be produced no witness to any oral complaint made by him or on his behalf prior to the suit.
We have read the record carefully and feel that a more detailed review of the testimony and evidence is unnecessary. The judgment appealed from must be affirmed on two grounds: (1) The only evidence produced by the plaintiff to prove the allegation that his contract of employment with the defendant provided for the payment of 15% of gross sales was his own testimony. The record contains no evidence corroborating that alleged fact as required by Civil Code Art. 2277 and, as we understand the record, the only “corroborating circumstances” contained therein actually support defendant’s contention. (2) The rule that on a question of fact involving the credibility of witnesses the trial court will be reversed only for manifest error is applicable. We find no such error here. To the contrary, we are in accord with the finding of the trial court. Sill v. Clanton Electric Co., 236 La. 705, 109 So.2d 64.
The judgment appealed from is affirmed.
Affirmed.